IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARK TAYLOR, | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. 7:19-CV-564 |
| v. | ) |
| | ) By: Hon. Michael F. Urbanski |
| CMG LEASING, | ) Chief United States District Judge |
| | ) |
| Defendant | ) |

## MEMORANDUM OPINION

Proceeding pro se, plaintiff Mark Taylor filed the instant complaint against CMG Leasing, seeking leave to proceed in forma pauperis. For the reasons set forth below, Taylor's application to proceed in forma pauperis will be **GRANTED** and his complaint will be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.

From his complaint, it appears that Taylor either was or is leasing an apartment from defendant CMG Leasing ("CMG"). Taylor alleges that following a dispute between CMG and himself, CMG falsely complained to the police that Taylor made repeated calls and death threats to their office and was on his way to carry out the threats. Taylor was taken into custody on August 4, 2019, pursuant to an Emergency Custody Order by the Radford, Virginia police department. He was released on August 6, 2019.

Taylor complains that CMG falsely reported that he had made threats in retaliation for his having complained about their lack of integrity and service with regard to their handling of a dispute related to the rental agreement. He asserts that he has suffered humiliation,

1

embarrassment, bias, character assassination, and demonizing statements, and that CMG acted deliberately, willfully, and maliciously. He seeks damages in the amount of $50 million for intentional infliction of emotional distress.

## II.

Taylor moves to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). The court will grant his motion to proceed in forma pauperis. However, after reviewing the complaint, the court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Under that statute, district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

While the court construes pro se filings liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)), Taylor's complaint states no recognizable federal cause of action. In answer to a question about the basis for federal jurisdiction, he stated, "Title VII discrimination based on race, national origin, execution of vacrancy laws [sic]; intentional infliction of emotional distress." However, Title VII of the Civil Rights Act of 1964 does not address the type of issues described by Taylor. Rather, it addresses claims involving discrimination in employment. See, generally, 42 U.S.C. § 2000e et seq.

Nor do Taylor's allegations raise any other issues over which a federal court would have jurisdiction. Federal courts are courts of limited jurisdiction and possess only that power authorized by Congress and statute. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Reading Taylor's complaint liberally, his claims do not appear to arise under

2

the laws or Constitution of the United States and the parties do not appear to be diverse. See 28 U.S.C. § 1331, 1332. Accordingly, the court finds that Taylor has failed to state a claim on which relief may be granted.

### III.

For the reasons set forth above, Taylor's application to proceed in forma pauperis is **GRANTED** and his complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). This matter is **STRICKEN** from the active docket of the court.

An appropriate order will be entered.

Entered: 09/19/19

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge